Duncan, J.
The errors assigned are fifteen in number; eleven bills of exceptions to evidence, and three errors assigned in the charge 'of the court. The counsel for the plaintiffs in error, have abandoned the first, which was the entry of judgment on the demurrer. The eleven bills of exceptions to the rejection of evidence, are nearly of the same complexion; a rejection of evidence to show a dealing by the defendant, while a minor, his entering into a number of contracts, and transacting business as an adult. The objection to the charge of the court, was to the instruction given to the jury, that there was no evidence of any confirmation of the contract by Samuel Patton, after his arrival at fall age. The declaration states, that Samuel Patton was the security of his brother William, for his performance of certain.articles of agreement, entered into between the plaintiffs and him.
To admit evidence of a partnership between the brothers, and charge Samuel as a principal, would be repugnant to the contract declared on, which if it can be supported, must be by rejecting as surplusage, every word in the declaration, in which the stipulation is declared on as a promissory note. It was not for any sum certain; the sum was to depend on a future appraisement.' The declaration is on a special contract, in which the plaintiffs would be bound to prove the case as they , stated it. The evidence, therefore, was properly rejected. The case must be considered as a contract, in which Samuel Patton, a minor, had bound himself as security for his brother, in an amount afterwards to he ascertained.
The plaintiffs say, the evidence was to prove a fraud in Samuel, in holding himself out to the world as a man of full age; and therefore, his contracts, though an infant, should bind him. It was not offered to prove, that Samuel represented himself as of full age; but if he had, the evidence was most properly rejected, for, as the action arose out of the contract, and as the plaintiffs had declared on the contract, the false representations, and deceit of Samuel, could not be admitted; and I do not think, that it was possible to support an action for deceit, on the contract of an infant) for that would be *310 to deprive the infant of the protection given to him by the law. Now, the law has very wisely protected infants against their liability on contracts, except for necessaries, and if it were, in the power of a plaintiff to convert that which arises out of a contract, into a tort, there is an end of the protection. Johnson v. Pye, 1 Sid. 358. Lord Chief Justice Keeling, expressed great indignation at the attempt to charge an infant in tort, upon that which was the foundation of an action of assumpsit, and said, “We will stay the judgment for ever, else the whole foundation of the common law will be at stake.”
In Groves v. Neville, 1 Keb. 778, 913, 914, in an action on the casej in the nature of deceit, a sale by the defendant of goods as his own, when in truth, they belonged to another, the court said, this is no actual tort, nor any thing ex delicto, but only ex contractu. And in Johnson v. Pye, 1 Keb. 905, 913, and 1 Lev. 169, where the defendant had falsely and fraudulently asserted himself to be of full age, and had, as such, executed a mortgage to the plaintiff, it was holden, that the defendant, an infant, was not answerable, because the action was founded on the very contract in which ihe defendant had cheated the plaintiff. Even if the infant had borrowed the money himself, affirming, that he was of age, and given bond for it, and being sued on the bond, avoids it by reason of mon-age, yet no action lies against him for the deceit. Bingham on Infancy, 111. 3 Ba. Ab. 591. The principle is as well es-
tablished as any rule of the common law, that a plaintiff cannot convert an action, founded on a contract, into a tort, to deprive an infant of the benefit of a plea of infancy. A case, I think, may be found, where the plaintiff declared, that at the defendant’s request, he had delivered a mare to the defendant, to be moderately ridden, and the defendant inhumanly intending, &e., wrongfully, and injuriously rode the mare, so that she was damaged ; and it was held, that the defendant might plead his infancy in bar; the action being founded on a contract. It is said in some books, that an infant running about town, taking up goods on credit, on his assertion that he was of full age, may be indicted as a common cheat. Barlow’s Justice of Peace, 100. 1 Burns, 278. The trading contracts of an infant are void. He may enforce them at his own election, but he is not liable for goods delivered to him to trade with. 2 Str. 939. An infant cannot be a bankrupt. 1 Ld. Raym. 443.1 Atk. 146. Nor can a debt, contracted during infancy be the ground of a commission, though the act of bankruptcy be committed after he came of age. 12 Mod. 443. In this contract, there was no possibility, or appearance of benefit to the infant; it is, therefore, not voidable only, but absolutely void. Holt v. Ward, Fitzgib, 278. All this evidence was properly rejected.
On the confirmation: I am not able to discover any thing like this, either in the deed of the 3d of Jlpril, 1814, from William Patton to Edward and Samuel Patton; -in the agreement between *311 William and Samuel Patton, of the 25th of October, 1814, or the release of Samuel Patton to William Patton of the 1st of March, 1815. The agreement of the 25th of October, 1814, so much relied on, has no relation to this contract. It recites, that Samuel was to have become bound with William, in all the said William’s debts. This is but part of the sentence. The subsequent part explains what was intended by all the said William’s debts, viz. “ by his signature, or. indorsement on certain notes discounted in bank.” He states how far he was bound; by certain notes discounted in bank. The three agreements of the infant, after he became of age, would not amount to a confirmation. There must be some distinct act, by which he either receives a benefit from the contract after he arrives at full age, or does some_ act of express ratification. All the cases cited are, where the contract was voidable, and might probably be of benefit to the infant; and in all of them it appears, that some act was done by the infant, evincing his assent, as purchases made, or leases given, rendering a rent, by which, either the continuance in possession, or the receipt of the rent received, showed his direct assent and ratification. Jackson v. Carpenter, 11 Johns. 542. If a partition is unequal, and the infant takes the profits, after his arrival at full age, it bars him for ever. In the case of an infant, who was merely security, where the contract is absolutely void, it would appear to me to require a confirmation, when of full age, with an intent of confirming, and with the knowledge that the act would be void, uAless he confirmed it. There shoudl be evidence of a distinct act of confirmation. None such was offered. The written evidence was not of that nature, nor had it any relation to this contract.
Judgment affirmed.