## GIDEON THOMPSON *et al. versus* RALPH LAY *et ux.*

To sustain an action against a person of full age, on a promise made by him wnen an infant, there must be an express ratification: — as by saying, "I ratify and con-firm," or, "I agree to pay the debt." A mere acknowledgment of the debt is not sufficient.

If, upon a replication of a new promise after coming of age, the evidence is of a promise to pay "when the defendant should be able," the plaintiff must prove the defendant's ability, according to the terms of the condition.

The plaintiff is not bound, however, to show an ability to pay without inconvenience. *Per Parker* C. J.

ASSUMPSIT on the promise of the wife before marriage. The defendants pleaded the infancy of the wife. The plain-tiffs replied a ratification after she came of age and before her marriage.

---

[1] See *Seekonk* v. *Attleborough,* 7 Pick. 155.
[2] See 1 Chit. Pl. (6th Amer. ed.) 351 to 360, and notes.

The plaintiff, to prove a ratification, produced evidence that the wife, after she was of age and before her marriage, acknowledged she owed the money on the note, and said that she had not the means of paying it then, but that she would pay it as soon as she had the means, or as soon as she should be able.

On this evidence the defendants agreed to be defaulted; but if it was insufficient to maintain the action, the default was to be taken off, and the plaintiffs were to become nonsuit.

*E. H. Mills* and *Ashmun*, for the defendants. The promise of an infant is to be ratified only by an express promise after he comes of age. *Ford* v. *Phillips*, 1 Pick. 203 ; *Barnaby* v. *Barnaby*, ibid. 221 ; *Whitney* v. *Dutch*, 14 Mass. R. 460. Here the promise was express, but conditional, and the contingency must be proved to have happened. *Robbins* v. *Otis*, 1 Pick. 368 ; *Cole* v. *Saxby*, 3 Esp. R. 159. If the wife was not of ability, before her marriage, to pay the debt, the husband is discharged. Com. Dig. *Justices of Peace, B*, 68, cites 2 Bulstr. 346 ; Reeve's Dom. Rel. 74.

*Blair*, for the plaintiffs, referred to *Jackson* v. *Mayo*, 11 Mass. R. 147 ; *Whitney* v. *Dutch*, above cited ; and *Martin* v. *Mayo*, 10 Mass. R. 137, [see Rand's ed. 141, n. (*c*)]. He relied on this last case, as showing that it was unnecessary to prove the ability of the wife, and so overruling *Cole* v. *Saxby*.

PARKER C. J. delivered the opinion of the Court. The authorities cited, especially the cases of *Whitney* v. *Dutch* and *Ford* v. *Phillips*, explicitly lay down the principle, that the promise of an infant cannot be revived, so as to sustain an action, unless there be an express confirmation or ratification after he comes of age.[1]

---

[1] See 2 Kent's Com. (3d ed.) 238; *Benham* v. *Bishop*, 9 Connect. R. 330; 2 Stark. Ev. (5th Amer. ed.) 406, n. (1).

The ratification of an infant's engagement should be equivalent to a new promise. It should be a promise to a *party* in interest or his agent, or, at least, an explicit admission of an existing liability from which a promise may be implied. *Goodsell* v. *Myers*, 3 Wendell, 479. See also *Gay* v. *Ballou*, 4 Wendell, 403; *Merriam* v. *Wilkins*, 6 N. Hamp. R. 432; *Rogers* v. *Hurd*, 4 Day, 57; *Kline* v. *Beebe*, 6 Connect. R. 494.

It has been held, that a negotiable note executed by an infant is void

Such a ratification may be proved in divers ways ; but it cannot be inferred from a mere acknowledgment of debt, as in the cases on the statute of limitations. A promise to pay, is evidence of a ratification ; so is a direct confirmation,

---

*M°Minn* v. *Richmond,* 6 Yerger, 1; *Swasey* v. *Vanderheyden,* 10 Johns. R. 33; 2 Kent's Com. (3d ed.) 235. If this position were correct, such a note would seem to be incapable of confirmation. See *Maples* v. *Wightman,* 4 Connect. R. 376; *Baylis* v. *Dineley,* 3 Maule & Selw. 477. But the weight of authority is strongly in favor of holding such a note voidable only and capable of confirmation by the infant on arriving at age. See *Goodsell* v. *Myers,* 3 Wendell, 479; *Wright* v. *Steele,* 2 N. Hamp. R. 51; *Lawson* v. *Lovejoy,* 8 Greenl 405; *Dubose* v. *Wheddon,* 4 M°Cord, 221; *Cheshire* v. *Barrett,* 4 M°Cord. 241; *Delano* v. *Blake,* 11 Wendell, 86.

Where an infant purchased a yoke of oxen, for which he gave his negotiable promissory note, and after coming of age he converted them to his own use and received their avails, it was held, that this was a ratification of the promise, and that the indorsee of the note was entitled to recover. *Lawson* v. *Lovejoy,* 8 Greenl. 405; *S. P. Cheshire* v. *Barrett,* 4 M°Cord, 241.

It is held, however, in Connecticut, that the bare retention of the consideration for which a note was given by an infant, after his arriving at age, is not a ratification ; nor is an acknowledgment, that he made the note, or that it is due, sufficient for this purpose, but there must be a promise to pay. *Benham* v. *Bishop,* 9 Connect. R. 330.

An infant took the note of a third person, in payment for work done, and retained it eight months after coming of age. *Held,* a ratification of the contract. *Delano* v. *Blake,* 11 Wendell, 85.

The voidable deed of an infant passes his interest in lands to the bargainee, and it may be confirmed, on his arriving at age, by acts short of a deed of confirmation. *Wheaton* v. *East,* 5 Yerger, 41. But see *Dearborn* v. *Eastman,* 4 N. Hamp. R. 441; *Somes* v. *Brewer,* 2 Pick. (2d ed.) 199, n. 2.

But it is held, that a mere acquiescence in a conveyance made by him, without objection for several months after his coming of age, is not a confirmation of it. Those acts *in pais* which amount to a confirmation of his deed, should be of such a solemn and unequivocal nature as to establish a clear intention to confirm the deed after a full knowledge that it was voidable. *Tucker* v. *Moreland,* 10 Peters, 75, 76; *Jackson* v. *Carpenter,* 11 Johns. R. 542, 543.

It is, however, said in *Wheaton* v. *East,* 5 Yerger, 41, that any act of the minor, from which his assent to a deed made during his minority may be inferred, will operate as a confirmation.

Where an infant, having executed a deed of conveyance in 1791, at the age of eighteen years, held the note given for the consideration four years, and then married, and her husband held it until her death in 1815, and continued to hold it eleven years afterwards, and during the whole period there was no act or expression of disaffirmance, and the grantee was permitted to remain in the undisturbed occupation of the land, it was held, that there was both an implied and a tacit affirmance. *Kline* v. *Beebe,* 6 Connect. R. 494. See *Bigelow* v. *Kinney,* 3 Vermont R. 353; *Belton* v. *Briggs,* 4 Desauss. 465; 2 Stark. Ev. (5th Amer. ed.) 405, n. (3); *Boston Bank* v. *Chamberlain,* 15

though not in words amounting to a direct promise : as, if the party should say, after coming of age, *I do ratify and confirm*, or, *do agree to pay, the debt.*

But a ratification may be absolute or conditional. If it be the latter, the terms of the condition must have happened, or been complied with, before an action can be sustained. *I ratify and confirm my promise, provided I receive a certain legacy*, or, *if I succeed to a certain estate*, or, *if I recover a certain sum of money*, or, *if I draw a prize in a certain lottery*, would make a conditional promise or ratification, sufficient to make the defendant liable on a contract made when a minor, when the events happen, but not before. So an engagement or promise to pay when able, is a conditional promise, and the plaintiff, to avail himself of it, must give in evidence the ability of the defendant. It would not be necessary to show an ability to pay without inconvenience, but evidence that there is property from which the debt might be paid, or an income from some source which would enable the party to pay, would be sufficient.

The cases cited by the plaintiffs' counsel are bottomed upon this principle. That of *Martin* v. *Mayo*[1] is thought to be of a different description, but we understand the Court to have there explicitly admitted the principle, but to have decided that the words appended to the promise did not constitute a condition, but merely postponed the time of pay ment.[2] If there was any error, which however we do not

---

Mass. R. (Rand's ed.) 221 and n. (*a*) ; *Van Dorens* v. *Everett*, 2 Southard, 460; *Eubanks* v. *Peak*, 2 Bailey, 497; *Curtin* v. *Patton*, 11 Serg. & Rawle, 305.

The purchase by an infant, of real estate, is voidable, but vests in him the freehold, until he disagrees to it, and the continuance in possession after he arrives at age, is an implied confirmation of the contract. *Delano* v. *Blake*, 11 Wendell, 85 ; *Cheshire* v. *Barrett*, 4 M'Cord, 241 ; *Hubbard* v. *Cummings*, 1 Greenl. 11 ; *Dana* v. *Coombs*, 6 Greenl. 89.

[1] See Rand's note to this case, 10 Mass. R. (Rand's ed.) 141, n. (*c*).

[2] An infant made a note, and after arriving at age, on payment being demanded, said, " I will pay it as soon as I can make it, but I cannot do it this year; I understand that the holder is about to sue it; but she had better not." *Held*, an affirmation of the contract, and that an action lies presently. *Bobo* v. *Hansell*, 2 Bailey, 114.

Thompson
v.
Lay.

perceive, it was not in the principle adopted, but in the con-struction of the words of the promise.