ROBERT REED *vs.* JENNESS BATCHELDER.

A negotiable note made by an infant is voidable and not void ; and if he, after com-
ing of age, promise the payee, that it shall be paid, the payee may negotiate it, and
the holder may maintain an action in his own name against the maker.

ASSUMPSIT on a promissory note made by the defendant, on
the 16th of July, 1835, payable to Reed & Dudley, or bearer.
The defence was infancy.

At the trial in the court of common pleas, before *Warren*, J.
the plaintiff offered evidence tending to prove that in July,
1839, after the defendant was twenty-one years old, and while
said note was in the hands of the promisees, the defendant made
to Henry Reed, one of the promisees, a new promise to pay the
same, under such circumstances as rendered him liable upon the
note. The defendant objected to the admission of this evi
dence, but the judge admitted it, and a verdict was returned for
the plaintiff. The defendant alleged exceptions.

*Knowles*, for the defendant, argued that the negotiable note
of an infant is void, and not merely voidable, and therefore in
capable of ratification. If such a note be not void, the maker
is precluded from questioning the consideration thereof, when it
is in the hands of a *bonâ fide* indorsee or bearer. *Swasey* v.
*Vanderheyden*, 10 Johns. 33. *Mᶜ Crillis* v. *How*, 3 N. Hamp.
348. *Fenton* v. *White*, 1 South. 101. *Mᶜ Minn* v. *Rich-
monds*, 6 Yerg. 1. *Beeler* v. *Young*, 1 Bibb, 519. 2 Kent
Com. (3d ed.) 234, 235. Reeve Dom. Rel. 229 – 231. 20
Amer. Jurist, 284, *et seq.*

*G. Parker*, for the plaintiff, cited *Thompson* v. *Lay*, 4 Pick.
48. *Goodsell* v. *Myers*, 3 Wend. 479. *Dubose* v. *Wheddon*,
4 MᶜCord, 221. *Dockery* v. *Day*, 7 Porter, 518. *Whitney*
v. *Dutch*, 14 Mass. 457.

SHAW, C. J. The question, what acts of an infant are void-
able and what void, is not very definitely settled by the authori-
ties ; but in general it may be said that the tendency of modern
decisions is, to consider them as voidable, and thus leave the
infant to affirm or disaffirm them, when he comes of age, as his

own views of his interest may lead him to elect. 2 Kent Com. (3d ed.) 235.

It seems to be established, in Massachusetts, that the note of an infant is voidable only, and may be regarded as a good foundation for a new promise when he comes of age. *Whitney* v. *Dutch*, 14 Mass. 457. *Martin* v. *Mayo*, 10 Mass. 137. *Thompson* v. *Lay*, 4 Pick. 48. And it is held in New York, that the negotiable note of an infant is voidable and not void, and may be ratified and confirmed after he comes of age. *Goodsell* v. *Myers*, 3 Wend. 479.

The only remaining question is, whether, as this was a negotiable note payable to Reed & Dudley, or bearer, and ratified by a new promise to them, whilst they remained the holders, they could make a good title by delivery to the plaintiff, Robert Reed, so as to enable him to bring the action in his own name.

The new promise to pay was made to Henry Reed, of the firm of Reed & Dudley. The effect of this was to ratify and confirm the contract, and give it the same legal effect as if the promisor had been of legal capacity to make .the note, when it was made. This made it a good negotiable note from that time, according to its tenor, transferable by delivery ; of course, when transferred to Robert Reed, the plaintiff, he took it as a negotiable note, and may maintain an action on it. This deprives the promisor of none of his immunities as an infant, because the law considers him as having full capacity when the ratification was made, and without such ratification no action would lie.

*Exceptions overruled.*