ELISHA PEIRCE *vs.* SETH F. TOBEY & another.

The provision in the Rev. Sts. *c.* 120, § 18 — that one of two or more joint contractors shall not lose the benefit of the statute of limitations by reason of part payment made by any of the other contractors — extends to contracts and payments made before those statutes were passed.

Where a minor makes a payment on a joint note given by him and an adult, and after he comes of age makes an oral promise to pay the balance, he thereby so ratifies his former payment, that it will take the note out of the operation of the statute of limitations, as to himself, but not as to the adult.

ASSUMPSIT by the payee, against Seth F. Tobey and Joshua B. Tobey, joint makers of a promissory note dated July 3d

1834, payable on demand with interest. Writ dated February 11th 1841. Both defendants pleaded the general issue, and gave notice that they should rely on the statute of limitations as a bar to the action. Seth F. Tobey also gave notice that he should further defend on the ground that he was a minor when the note was given.

At the trial in the court of common pleas, said Seth F. gave evidence that he was a minor at the time the note was made, and that he came of age on the 29th of June 1835 ; and the plaintiff thereupon gave evidence, that said Seth F., after he came of age, made a new promise to pay the note.

With respect to the statute of limitations, as it affected both defendants, the evidence was as follows : On the back of the note were two indorsements of payments, in the handwriting of said Seth F. ; one dated January 21st 1835, and the other dated March 4th 1835. The plaintiff went out of the Commonwealth in 1838, and left the note, for collection, with Roland Peirce, who often called on said Seth F. to pay it, and said Seth F. repeatedly promised payment. In the spring of the year 1840, said Roland, not having received payment, presented the note to said Joshua B., who said it ought to be paid, and took out his money, for the purpose, (as said Roland supposed,) of paying it. Seth F. then came forward and told Joshua B. that he need not pay the note, but that he (Seth F.) " would settle with Peirce," the plaintiff.

When the note was given, the defendants were partners in business, and the partnership was dissolved on the 4th of October 1834.

The defendants contended, that as to Joshua B. Tobey, this evidence was not sufficient to take the case out of the statute of limitations ; because he had neither made any payment, nor any written promise, within six years ; that Seth F. Tobey had made no written promise within six years, and that the payment made by him, on the 4th of March 1835, was during his minority, and was therefore avoidable by him ; and that even if he had been of age, when he made that payment, it would not

VOL. V. 15

revive Joshua B.'s liability, because the partnership had been previously dissolved.

The plaintiff contended, that though Seth F. was under age, on the 4th of March 1835, yet that he had adopted the payment then made by him, by what he had said and promised after he came of age ; and that this was sufficient to take the case, as to both defendants, out of the operation of the statute of limitations.

The court instructed the jury that the evidence was not sufficient, as to either defendant, to take the case out of said statute ; and a verdict was returned for the defendants. The plaintiff alleged exceptions to the instructions given to the jury.

*Coffin & S. Miller*, for the plaintiff. The promise of payment, made by Seth F., after he came of age, ratified all his former acts, and took the case out of the statute of limitations. and also out of the law of infancy. Chit. Con. (4th Amer. ed.) 124. 647. The plaintiff is therefore entitled, under Rev. Sts. *c.* 120, § 15, to judgment against him, even if the other defendant be not liable.

Before the Rev. Sts. took effect, payment or acknowledgment by one defendant took the case out of the statute of limtiation; as to both. *Hunt* v. *Bridgham*, 2 Pick. 581. *Whitcomb* v. *Whiting*, 2 Doug. 651. *White* v. *Hale*, 3 Pick. 291. *Wood* v. *Braddick*, 1 Taunt. 104. *Austin* v. *Bostwick*, 9 Connect. 496. *Patterson* v. *Choate*, 7 Wend. 441. The *St.* of 1834, *c.* 182, § 1, which required that acknowledgments should be in writing, left the effect of a previous payment unaltered. So do the Rev. Sts. *c.* 120, § 17 ; but § 18 — which declares that a joint contractor shall not lose the benefit of the limitation, so as to be chargeable by reason only of any payment made by his co-contractor — is not to have a retrospective operation. If it was intended to have such operation, it is unconstitutional. *Call* v. *Hagger*, 8 Mass. 430. *King* v. *Dedham Bank*, 15 Mass. 447. *Society* v. *Wheeler*, 2 Gallis. 139. At any rate, § 18 does not apply to partners. If it does, then a yearly payment of interest, for six years, by an active partner, will discharge the other partners. Payment by one partner is payment by all. *Crawshay* v. *Collins*, 15 Ves. 226. See also *Wyatt* v. *Hod-*

*son,* 8 Bing. 309. *Burleigh* v. *Stott,* 8 Barn. & Cres. 36
*Pease* v. *Hirst,* 10 Barn. & Cres. 127.

*Eddy & Clifford,* for the defendants. The 18th section of
*c.* 120 of the Rev. Sts. is not open to the objection that it is
retrospective ; for there was a space of time, after those statutes
were passed, and before they went into effect, when the old law
on this subject was in force, and the plaintiff, during that time,
might have maintained an action against both defendants. *Smith*
v. *Morrison,* 22 Pick. 430. 24 Amer. Jurist, 272, 273.
*Penniman* v. *Rotch,* 3 Met. 216. But that section is as ex-
plicit as possible, and Joshua B. Tobey is discharged by it.

Seth F. Tobey has done nothing, since March 4th 1835,
which deprives him of the defence of infancy. There must be
an *express* ratification, after an infant comes of age, in order to
hold him on contracts made during minority. *Whitney* v. *Dutch,*
14 Mass. 460. See also *Smith* v. *Mayo,* 9 Mass. 62. *Thorn-
ton* v. *Illingworth,* 2 Barn. & Cres. 824. *Willis* v. *Newham,*
3 Y. & Jerv. 518. Payment by one not originally liable, or
not liable at the time of payment, does not take a demand out of
the statute of limitations. *Martin* v. *Bridges,* 3 Car. & P. 83.
*Atkins* v. *Tredgold,* 2 Barn. & Cres. 23.

DEWEY, J. The statute of limitations constitutes a good
defence for Joshua B. Tobey, one of the defendants ; the
term of six years having elapsed since the cause of action ac-
crued against him, and no sufficient ground being shown to take
the case out of the operation of the statute. The verbal
promise of the party to pay the same did not revive the debt
and avoid the statute. The *St.* of 1834, *c.* 182, § 1, and Rev.
Sts. *c.* 120, § 13, alike required that such " promise be made
or contained by or in some writing signed by the party charge-
able thereby." The payment of a part of the note, within six
years, by Seth F. Tobey, the other joint promisor, did not take
the case out of the operation of the statute of limitations as
respects Joshua B. Tobey. Independent of the peculiar pro
visions of the Rev. Sts. *c.* 120, § 18, it might have been
otherwise ; but by this enactment it is expressly provided, that
if there are two or more joint contractors, no one of them shall

lose the benefits of the limitation act, so as to be chargeable by reason only of any payment made by any other of them. It is true that the payment was made before the revised statutes went into operation; but this does not prevent the operation of the statute upon this demand. In the present case, the note had been due less than two years when the revised statutes were enacted, leaving the promisee a period of four years to enforce his demand. These statutes may well apply to contracts then in existence, allowing a reasonable time for creditors to institute their actions before the statutes took effect. *Morrison* v. *Smith,* 22 Pick. 430. *Penniman* v. *Rotch,* 3 Met. 216.

The case, as to Seth F. Tobey, rests upon a different state of facts, and such as lead to a different result as to his liability. He has made a payment upon this note within six years before this action was instituted, and the effect of such payment, (independent of the question of his minority,) is, to renew his liability for the period of six years from the time of making such payment. But then it is said that he was a minor when he made the original promise, and also when he made the payment upon the note. This is admitted to be the fact; and this would constitute a good defence, if he had not subsequently ratified and confirmed the promise thus made and thus renewed while he was yet a minor. A contract, made by a minor, may be confirmed after his arrival at full age; and if so done, and by words proper to give it force and effect as a valid contract, it will be operative and binding upon him. A mere acknowledgment of a debt as existing, is not sufficient, but there must be a direct promise, or a direct confirmation, before any liability attaches. The case finds such direct promise of payment made by Seth F. Tobey after he came of full age. The further inquiry is, whether this promise attaches to the note, renewed, as it was by the payment made upon the sum by the party. Such we think to be the effect of it. By force and effect of the payment made in 1835, the note became a new promise from that date, and it was such new promise, or at least the original note, with all the consequences attached to it by reason of such payment, that was confirmed and ratified by the maker, by his new

promise made after he came of age.   The effect then of the payment upon the note and of the subsequent new promise by Seth F. Tobey after arriving at full age, is, to remove both grounds of defence relied upon in his behalf.   The ruling of the court of common pleas, as it respects Joshua B. Tobey is confirmed ; and as to Seth F. Tobey, the exceptions taken must prevail.

*New trial granted.*