Boyden *v.* Boyden & another.

JOSIAH BOYDEN *vs.* WILLIAM BOYDEN & another.

If an infant buys goods on credit, and retains them in his own hands and uses them for his own purposes, for an unreasonable time after he comes of age, without restoring them to the seller, or giving him notice of an intention to avoid the contract, it operates as a ratification of the contract, and renders the buyer liable in an action for the price of the goods.

ASSUMPSIT for goods sold and delivered, and on the money counts. Writ dated March 2d 1843. At the trial in the court of common pleas, before *Williams*, C. J. the plaintiff gave in evidence a promissory note for $44, given to him by

the defendants on the 12th of April 1838. The defence was infancy ; and the defendants introduced evidence tending to prove that one of them was born February 9th 1818, and the other August 11th 1819. There was also evidence tending to prove that the said note was given for a horse and plough, bought of the plaintiff by the defendants ; and that they kept the said horse and used him, about a year after buying him, and then exchanged him for another horse. There was no evidence that the defendants had disposed of the said plough, or that they, or either of them, ever offered to restore the said horse or plough to the plaintiff, or ever, in any way, gave notice of their intention to rescind and avoid their said contract.

The judge instructed the jury, that if the defendants retained the property, for which the note was given, in their own hands, and used it for their own purposes, for an unreasonable time, after arriving at the age of twenty one years, without restoring it to the plaintiff, or giving him notice of their intention to avoid the contract, it operated as a ratification of said contract, and rendered the defendants liable in this action. The jury returned a verdict for the plaintiff, and the defendants alleged exceptions to said instructions.

This case was argued at the last September term.

*H. G. Newcomb*, for the defendants. A mere acknowledgment by a party, after he comes of age, of a debt contracted by him during infancy, is not a ratification. Some positive act or declaration of his, tantamount to a new contract, is necessary to defeat his power of avoiding the old one. *Rogers v. Hurd*, 4 Day, 57. *Wilcox v. Roath*, 12 Connect. 550. *Goodsell v. Myers*, 3 Wend. 479. *Whitney v. Dutch*, 14 Mass. 460. *Ford v. Phillips*, 1 Pick. 203. *Thompson v. Lay*, 4 Pick. 48. *Peirce v. Tobey*, 5 Met. 172. The mere retention, after coming of age, of the consideration for which a note was given during infancy, is not a ratification. *Benham v. Bishop*, 9 Connect. 330 See also *Roof v. Stafford*, 7 Cow. 179.

*Alvord*, for the plaintiff, cited 2 Kent Com. (3d ed.) 238. 1 Rol. Ab. 731. *Kline v. Beebe.* 6 Connect. 494. *Richardson*

v. *Boright,* 9 Verm. 371.    *Hubbard* v. *Cummings,* 1 Greenl.
11.    *Dana* v. *Coombs,* 6 Greenl. 89.    *Lawson* v. *Lovejoy,* 8
Greenl. 405.    *Delano* v. *Blake,* 11 Wend. 85.    *Boston Bank*
v. *Chamberlin,* 15 Mass. 220.    *Hoit* v. *Underhill,* 9 N. Hamp.
436.    *Badger* v. *Phinney,* 15 Mass. 359.

SHAW, C. J.    The questions as to what contracts of an in-
fant are void, and what voidable, and, in the latter case, what
shall be deemed a disaffirmance, and what a ratification, are
questions which have been much discussed, and in respect to
which there are conflicting authorities.    It is not my inten-
tion now to review them.    Some points seem to be well set-
tled.

If a minor gives a written promise for the purchase money
for goods sold to him by an adult person, the contract is void-
able and not void, and may be ratified by the infant, after
coming of age.    *Whitney* v. *Dutch,* 14 Mass. 457.    It is also
well settled, that it is the privilege of the minor only to disaf-
firm the contract, and, until he does so, the other party is
bound by it.    The minor, when of age, may regard it as ben
eficial, and choose to affirm it.    But if he elects to disaffirm
it, he annuls it on both sides, *ab initio,* and the parties revert
to the same situation as if the contract had not been made.
If the minor refuses to pay the price, as he may, the contract
of sale is annulled, and the goods revest in the vendor.    *Bad-
ger* v. *Phinney,* 15 Mass. 359.    But until some notice given
by the purchaser, after coming of age, of his purpose to annul
the contract, or some significant act done, the vendor cannot
reclaim his property, and his taking of it would be a trespass.
If, therefore, the minor purchaser, after coming of age, retains
the specific property, treating it as his own, when it is in a
condition to be restored, and it is of any value, and if, for an
unreasonable time, he neglects to restore it, or to tender it, or
give notice of his readiness to restore it, according to the cir-
cumstances of the property and of the parties, it manifests
his determination to keep the property and affirm the con-
tract.    And further ; if, after coming of age, he retains the
property for his own use, or sells or otherwise disposes of it,

44 *

such detention, use or disposition — which can be conscientiously done only on the assumption that the contract of sale was a valid one, and by it the property became his own — is evidence of an intention to affirm the contract, from which a ratification may be inferred.  In the present case, the defendants retained the plough, one of the articles for which the note was given, between two and three years after they both came of age.  Whether, if the contract had been rightfully disaffirmed, the vendor could have reclaimed the horse received by the defendants, in exchange for the one sold, after, one of the defendants came of age, but not the other, we give no opinion.  Retaining the plough brings the case within the principle.  The court are of opinion that the directions of the judge at the trial were right, and well adapted to the case presented by the evidence.  See *Boody* v. *McKenney*, 10 Shepley, 517.

*Exceptions overruled*