Nash, J.
This is an action of contract whereby the plaintiff seeks to recover the sum of $213.95 as the balance due on a promissory note, signed by the defendants, Irene Martin and Beatrice Berry, jointly and severally. The defendant’s answer is a general denial and minority as to the defendant Irene Martin. The case was submitted on an agreed statement of facts as follows: “The amount of the judgment for the plaintiff as against Beatrice Berry is to be entered for $193.83 and should the Court find for the plaintiff in the case of the other defendant, Irene Martin, the amount is to be the same. At the time the defendant Martin signed the contract in question May 19, 1937 she was a minor. Mrs. Martin became twenty-one years of age on November 24, 1937; that letters were sent to Irene Martin, both by the plaintiff and its attorney from time to time until January 1943; that after suit was brought under date of February 18, 1942, that neither Mrs. Martin nor her attorney, Joseph Ferreira, Esquire, claimed that Mrs. Martin was not twenty-one years of age at the time she *98 signed the contract; that attorney Joseph Ferreira wrote the plaintiff’s attorney February 28, 1942, even then claiming that the only reason that the defendants did not pay was that they did not have any property from which to pay the account; after having stated that Mr. Berry lost the house on which the work was-done, that the first time the plaintiff knew that Mrs. Martin was not twenty-one years of age at the time she signed the note was when she pleaded ‘Minority’ at the time the answer was filed. However it is agreed that the defendant Martin upon hearing of her rights, through her attorney, immediately notified the plaintiff of her intention to disaffirm the contract or promissory note, and claim ‘Minority’. Mrs. Martin, at no time before or after she became twenty-one made any payments on account of the contract or promissory note in question. All payments and all transactions were made by her mother, Beatrice Berry.”
The plaintiff filed nine requests for rulings all of which must be treated as having been disallowed. The Court found for the defendant. The plaintiff claims to be aggrieved because of the Court’s refusal to grant his requests for rulings and because of its finding for the defendant. The case is before us on an agreed statement of facts which contains all the evidence submitted to the trial Court. It is before us as a case stated. Frati v. Jannini, 226 Mass. 430, 432; Wolbach v. Commissioner of Corporations & Taxation, 268 Mass. 365, 372; McNulty v. Boston, 304 Mass. 305, 306, 307; Azevedo v. Mutual Life Insurance Co., 308 Mass. 216, 217.
And “an appeal from a decision on facts that have been agreed upon as evidence is treated as raising the question of law whether on all the evidence the verdict or finding was warranted as matter of law”. Frati v. Jannini, 226 Mass, 430, 432 and cases cited. In such cases inferences *99 and conclusions that the trial judge has made are likewise open to review when brought before us. Gr. L. (Ter. Ed.) c. 231, § 126; United States Fidelity & Guaranty Co. v. English Construction Co., 303 Mass. 105, 109; Keefe v. Johnson, 304 Mass. 572, 573; Azevedo v. Mutual Life Insurance Co., 308 Mass. 216, 217; Caissie v. Cambridge, 317 Mass. 346, 347.
The question before us then is whether on this case stated the trial judge was warranted as a matter of law in entering a finding for the defendant. The defendant Irene Martin was a minor when she signed the contract in May of 1937. She became twenty-one years of age in November of the same year. After this date the defendant alone had the right to ratify or disaffirm the contract, Badger v. Phinney, 15 Mass. 359, 363; and the burden is upon the plaintiff to show that the defendant ratified the contract after she became of age. Reed v. Batchelder, 42 Mass. 559, 560.
Ratification may be shown by the conduct of the minor after she became of age. Thompson v. Lay, 21 Mass. 48, 49; Pierce v. Tobey, 46 Mass. 168, 172; Tobey v. Wood, 123 Mass. 85, 89.
If the minor after having attained majority retains possession of the property for an unreasonable length of time without offering to restore it, or dispose of the property, it indicates his intention of keeping the property and affirming the contract and from such conduct on his part ratification of the contract may be inferred. Boyden v. Boyden, 50 Mass. 519, 521, 522; Williston Contracts (Rev. Ed.) § 239, p. 710; Chandler v. Simmons, 97 Mass. 508, 514; Tobey v. Wood, 123 Mass. 88, 89. Since the defendant must exercise his right to disaffirm the contract within a reasonable time the question of what is a reasonable time must be resolved by consideration of all the circumstances *100 in the case. Boyden v. Boyden, supra; Tobey v. Wood, supra.
The defendant entered into this contract when she was twenty years and six months old on May 19, 1937. On November 24, 1937. she became twenty-one, letters had been sent her by the plaintiff and its attorney from that time until January of 1943, a period of over five years. For over four years the defendant took no action to repudiate the contract. In fact after four years and three months had elapsed her attorney wrote claiming that “the only reason that the defendants did not pay was that they did not have any property from which to pay the account”. This appears to us to be more than an admission of the debt. It indicates a willingness to pay. The fair implication of the words is that “we presently have not the money to pay with”. The first time the plaintiff knew the defendant was a minor was when she pleaded “Minority” in her answer filed on March 16, 1942. There was not a seasonable repudiation of the contract.
Considering all the facts we think the defendant did not exercise the privilege of disaffirming her contract within a reasonable time after having arrived at twenty-one years of age and as a result she has ratified the contract before exercising the right which she alone had, of disaffirming it. Chamberlain v. Employers Liability Assurance Corp., 289 Mass. 412, 418; Welch v. King, 279 Mass. 445, 450; Adamonski v. Curtis Wright Flying Service, Inc., 300 Mass. 281, 284.
The finding for the defendant is vacated. Judgment for the plaintiff in the sum of $193.83 is entered.