## PETER F. KEEGAN *vs.* PATRICK COX.

Essex. November 24. — 28, 1874. AMES & DEVENS, JJ., absent.

The judgment of the Superior Court on a case stated is conclusive upon all facts and inferences of facts involved in it, and no appeal lies therefrom to this court.

If a mortgage of partnership property is made by two partners who are minors, and after one of them comes of age part of the consideration is received by the mortgagors, and a part payment is made by them on the mortgage, the ratification by

the one who is of age may be inferred as a fact, and replevin will not lie against the mortgagee in possession by the partner who is still a minor, to whom the interest of the other partner has been transferred on the dissolution of the firm.

REPLEVIN.   Writ dated July 11, 1873.   The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on a case stated, in substance as follows :

On March 29, 1873, the plaintiff, and James W. Keegan his brother, were partners in the retail provision business in Lawrence ; and owned and used in their business the goods replevied in this action.   On that day they, with the knowledge and advice of their parents, executed and delivered to the defendant a personal mortgage of the goods replevied, conditioned to pay to the defendant three notes of even date, for $100 each in six months, from March 29, 1873, which notes were signed by both partners.

The consideration for these notes and the mortgage was an outstanding account of $130 in favor of the defendant, for meat sold and delivered to the firm ; and also the payment for meat thereafter to be delivered by the defendant to the firm at the current market prices to the extent of $170 in value.   Within a month thereafter, and in pursuance of the agreement, the defendant at different times delivered meat to the firm to the amount of $168.59 in value.   The defendant was ready and willing to deliver the remaining value of $1.41 according to agreement, but the business of the partners was interrupted by attaching creditors, and they were not ready to receive it.   All of the meat so delivered by the defendant, before and after the date of said mortgage, was resold by the firm to its customers.

Most of the meat sold and delivered after the date of the mortgage, was sold and delivered after James W. Keegan became of age.   On May 23, 1873, the firm paid the defendant $50, in part payment of the mortgage notes.

On March 29, 1873, the day the mortgage was delivered, both of the partners were minors, and were living with their parents. The plaintiff was then nineteen years old, and his brother James became of age April 10, 1873.   At the time said notes and mortgage were being executed, the father of the partners, in their presence and upon inquiry made by the defendant, told the de-

fendant that James W. Keegan was twenty-one years of age in April, 1872. Neither of said partners made any denial of this statement.

On July 9, 1873, the defendant took possession, for breach of the conditions, under the provisions of said mortgage, of the goods mortgaged and now replevied. No tender of performance of the conditions of the mortgage was ever made by the mortgagors, or either of them, or by any one in their behalf, and the only payment or offer of payment was the $50, above stated.

On July 1, 1873, the partnership was dissolved by agreement, and James W. Keegan then sold all his interest in the goods replevied to the plaintiff.

If upon these facts the plaintiff is entitled to recover the goods replevied, judgment is to be entered for the plaintiff for nominal damages. Otherwise judgment for the defendant for a return with nominal damages.

*W. H. P. Wright,* for the plaintiff.

*E. T. Burley,* for the defendant.

WELLS, J. The facts stated would warrant the inference that James W. Keegan, after he came of age, ratified and affirmed the mortgage given by him and the plaintiff, while both were minors. A part of the consideration, which was executory when the mortgage was delivered, was received after James W. Keegan arrived at full age ; and a payment of $50 was made upon the debt. This being an inference of fact, and being necessarily involved in the judgment for the defendant in the court below, it must be presumed to have been so found there. That judgment is conclusive upon all facts and all inferences of fact involved in it. Only questions of law can be brought up on appeal.

As one copartner could make a valid mortgage of the personal property of the firm, his affirmance of a voidable mortgage was sufficient to give it validity, at least to the extent of his interest in the property and that is sufficient to defeat this action of replevin. *Judgment for the defendant affirmed.*