R. S. TODD & others *vs.* CHAUNCEY F. CLAPP & another.

Hampshire.    Sept. 21. — Oct. 25, 1875.    AMES & DEVENS, JJ., absent.

In an action to recover the price of goods sold to a firm, one member of which was an infant at the time of the sale, it appeared that the action was brought before the infant became of age, and that a portion of the goods sold were attached upon the writ among other goods ; that the attached goods were sold at auction by consent of all parties, and were bid off by the grandfather and guardian of the infant; that the infant after becoming of age purchased the goods from his grandfather, and afterwards used and sold them for his sole benefit. *Held,* that upon these facts the jury would not be warranted in finding that the infant after he became of age intended to ratify the original contract.

The St. of 1863, c. 165, enacting that the provisions of the Gen. Sts. c. 108, § 3, " authorizing a married woman to carry on any trade or business on her sole and separate account, shall be so construed as not to allow her to enter into copartnership in business with any person," in legal effect declares that no married woman shall enter into a partnership in the future ; and is constitutional.

CONTRACT against Chauncey F. Clapp and Eunice E. Clark, copartners under the firm name of C. F. Clapp & Co., on an account annexed for goods sold to them in September, 1873.

At the trial in the Superior Court, before *Allen,* J., at February term 1875, the jury returned a verdict for the defendants, and the plaintiffs alleged exceptions, the substance of which appears in the opinion.

*W. G. Bassett,* for the plaintiffs.

*A. J. Fargo,* for the defendants.

MORTON, J.    This is an action to recover the price of goods sold to a firm which consisted of the defendants, one of whom, Chauncey F. Clapp, was an infant, and the other a married woman, at the time of the sale.  It appeared in evidence that the plaintiffs brought this suit before the infant became of age, and attached upon the writ, among other goods, a portion of the goods sold ; that the attached goods were sold at auction by consent of all the parties, and were bid off by Chauncey Clapp, the grandfather and guardian of the infant defendant, and that sometime after the infant defendant became of age he purchased of said Chauncey Clapp the goods, and has since used and sold them for his sole benefit.

The court correctly ruled that the jury could not find, from these facts, that the defendant Clapp after he became of age ratified and affirmed his contract with the plaintiffs.

The ground upon which the retention and use by a defendant, after he becomes of age, of property bought while he was an infant, are held to be an affirmance of the contract of purchase, is that these acts show a promise or undertaking to perform it after his incapacity to make contracts is removed.

His only right to retain the goods is by virtue of the contract, and he can conscientiously do it only upon the assumption that the contract is valid. *Boyden* v. *Boyden*, 9 Met. 519. *Smith* v. *Kelley*, 13 Met. 309.

But the case at bar is different. The defendant Clapp after he became of age did not claim or hold the goods under or by virtue of the contract with the plaintiffs. He held them by virtue of a new and independent contract of purchase. There is no inconsistency in his claim to hold the goods under this new purchase, and his claim that his contract with the plaintiffs was invalid, and no inference can be drawn, from his thus holding the goods, of an intention to ratify and affirm the plaintiffs' contract.

The only other question raised by the bill of exceptions is as to the correctness of the ruling that the St. of 1863, c. 165, prevents a recovery against the female defendant in this action. This statute provides that " the provisions of section three of chapter one hundred and eight of the General Statutes authorizing a married woman to carry on any trade or business on her sole and separate account, shall be so construed as not to allow her to enter into copartnership in business with any person." * The plaintiffs contend that this provision is unconstitutional, because it is an exercise by the Legislature of the judicial power. If the necessary construction of this statute was that it is retroactive, and an attempt by the Legislature to enact the mode in which the court should construe the provisions of the General Statutes in their application to cases or rights existing before this statute was passed, it would be an exercise by the Legislature of the powers of the judicial department, whose exclusive province it is to construe the statutes. But such is not the necessary construction, and we cannot presume that it is the construction intended by the Legislature. We think it was the purpose of the Legislature

---

* The St. of 1863, c. 165, was expressly repealed by the St. of 1874, c. 184, § 5, which was enacted on April 24, 1874.

to enact a law, prospective in its operation, which should change the then existing laws as to the rights of married women, and that this statute is the same in legal effect as if it had in terms provided that the third section of the one hundred and eighth chapter of the General Statutes is hereby amended so as to provide that no married woman shall enter into copartnership in business with any person. Giving it this interpretation, there is no doubt that it is constitutional, and that its effect is to prevent the plaintiffs' recovery in this action against the female defendant. As she had not the capacity to enter into a copartnership, she cannot be liable for the debts of the firm. They are not debts growing out of contracts in reference to her separate property or business, which by the statutes she is authorized to make, and upon which she may be sued. *Exceptions overruled.*