GERARD C. TOBEY *vs.* SETH WOOD & others.

Suffolk.   March 9. — July 3, 1877.   ENDICOTT & SOULE, JJ., absent.

A firm, of which an infant was a member, gave certain checks in payment for goods, and the infant supposed, when he became of age and until after the firm's dissolution, that the checks, which were duly protested for non-payment, were paid. At the dissolution, which was seven weeks after the infant became of age, during which time he drew money from the firm for his personal use, some of the goods were unsold, and his partners agreed with him to assume and pay all the firm's debts. *Held,* that the above facts would not justify a finding that there was a ratification by the infant, after he came of age, of his promise to pay the checks.

MORTON, J.   This is an action of contract upon two checks, dated respectively December 2, 1872, and January 3, 1873, signed by Seth Wood & Co., and duly presented for payment, and protested for non-payment.

The defendant Humes, the only one of the signers who defends the action, was a member of the firm of Seth Wood & Co., and, when the checks were drawn, was an infant. His promise to pay the checks, therefore, was a voidable contract,

and the burden of proof is upon the plaintiff to show that Humes, after he became of age, affirmed and ratified the contract. 2 Greenl. Ev. § 367, and cases cited. *Reed* v. *Batchelder*, 1 Met. 559. Such ratification may be shown, either by proof of an express promise to pay the debt, made by the infant after he became of age, (which is not claimed in this case,) or by proof of such acts of the infant, after he became of age, as fairly and justly lead to the inference that he intended to ratify the contract and pay the debt. *Boody* v. *McKenney*, 23 Maine, 517. *Proctor* v. *Sears*, 4 Allen, 95. *Thompson* v. *Lay*, 4 Pick. 48. *Peirce* v. *Tobey*, 5 Met. 168. *Dublin & Wicklow Railway* v. *Black*, 8 Exch. 181 ; *S. C.* 16 Eng. L. & Eq. 558, and note.

The plaintiff contends that the facts in this case justify the finding that the defendant Humes intended to and did ratify his promise to pay these checks. These facts are, that a portion of the goods which formed the consideration of the checks remained unsold up to the time of the dissolution of the firm, which was seven weeks after Humes became of age ; that during said seven weeks he drew money for his personal use, from time to time, from the firm ; and that, at the dissolution, his partners, the other defendants, agreed with him that they would assume and pay all the debts of the firm. It is also agreed that, at the time Humes became of age, and until after the dissolution, he supposed that these checks were paid.

It has often been held that, if an infant purchases property, and, after he becomes of age, retains specifically the property, and uses or disposes of it, it may be an affirmance of the contract by which he acquired it, and deprive him of the right to avoid. *Chandler* v. *Simmons*, 97 Mass. 508, and cases cited. This is upon the ground that he can honestly retain the goods only upon the assumption that the contract by which he acquired them was valid, and therefore his retention and use of them, if unexplained, justly leads to the inference of a promise or undertaking to pay for them, after his incapacity to make contracts is removed. *Todd* v. *Clapp*, 118 Mass. 495.

But this rule cannot apply in the present case, because it is not shown that Humes knew that any of the goods, which were the consideration of the checks, remained undisposed of at the time he became of age, and it is shown that he supposed that

the checks had been paid. Under these circumstances, there is no foundation for an inference of a promise by him to pay the checks. *Smith* v. *Kelley*, 13 Met. 309.

The facts that Humes remained in the firm for seven weeks after he became of age, drawing money from time to time for his personal use, and that when he retired he took an agreement from his partners that they would pay all the debts of the firm, are relied upon by the plaintiff as showing an affirmance of the checks. But we are of opinion that these facts do not afford sufficient proof of such affirmance. In this connection, it must be borne in mind that Humes supposed these checks to have been paid. In the absence of an express promise to pay, an affirmance can only be shown by unequivocal acts of the defendant, after he became capable of contracting, which show his intention to pay the debt. How far these acts of Humes might tend to show an intention on his part to ratify such debts of the firm as were within his knowledge, need not be considered. It would be forced and unreasonable to infer from them an intention and promise to pay a debt which he supposed had already been paid. *Crabtree* v. *May*, 1 B. Mon. 289. *Minock* v. *Shortridge*, 21 Mich. 304. *Dana* v. *Stearns*, 3 Cush. 372.

It is argued that the taking an agreement of indemnity from his partners implies that he was liable for the debts of the firm, and is therefore evidence of a promise to ratify and pay such debts. This is not necessarily so. The contract of indemnity may have been necessary for his protection against debts of the firm contracted after he became of age. But if this act is to be regarded as evidence that he supposed himself liable for all the debts of the firm, it is not of itself sufficient proof of a ratification. The act relied on as a ratification of a promise made during infancy must amount to, or be sufficient evidence of, a promise or undertaking to pay the debt. *Smith* v. *Kelley*, 13 Met. 309.

Perhaps if an infant member of a firm should, after he became of age, buy out his partners, take the property of the firm, and agree to pay all the debts of the firm, this might amount to a ratification of his promise to pay all the firm debts, whether known or unknown to him. It would be a clear expression of his intention and undertaking, after he became competent to

bind himself, to affirm and pay such debts. But taking from his partners a promise that they will pay the debts does not imply an intention on his part to pay them. It implies that he desires and expects that they will pay the debts, and is as consistent with an intention on his part to avail himself of the defence of infancy, as of the intention to waive that privilege. Upon the whole case, we are of opinion that the facts do not justify a finding that the defendant Humes, after he became of age, ratified or promised to pay the checks in suit.

*Judgment for the defendant Humes.*

*T. Weston, Jr.*, for the plaintiff.

*J. Fox*, for the defendant Humes.