WILLIAM A. McDONALD *vs.* FREDERICK G. SARGENT & another.

Middlesex. January 18, 1898. — June 24, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Services Rendered — Minor — Ratification of Agreement — Evidence — Pleading.*

In an action upon a *quantum meruit* for services, part of which were rendered while the plaintiff was a minor, it is ruled correctly that, as a written agreement under which they were performed, and which was offered in evidence by the defendant, was not in accordance with Pub. Sts. c. 149, relating to the binding of apprentices, it did not bind the plaintiff, and could not affect his right to recover, unless the jury found that, after he became of age, he ratified and confirmed it, which was a question of fact; and that the jury might consider his acts in receiving the money stipulated therein, and all his other acts, as bearing upon that question.

A written agreement made by a minor for the performance of services, which he ratifies after he becomes of age, is admissible in evidence in an action upon a *quantum meruit* for his services; and its competency is not affected by the fact that the answer contains a general denial, and alleges payment only.

CONTRACT, upon an account annexed, for services rendered. At the trial in the Superior Court, before *Sherman,* J., the jury returned a verdict for the defendants; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. F. Manning,* for the plaintiff.

*F. A. Fisher,* for the defendants.

LATHROP, J.   The plaintiff sues upon a *quantum meruit* to recover for his services from March 25, 1891, to June 13, 1893. On April 27, 1891, after the plaintiff had worked for the defendants about a month, he entered into a written agreement with them by which he agreed to work for the defendants for three years, as an apprentice, for the purpose of learning the trade of a machinist.   The amount to be paid was seventy-five cents a day for the first year, eighty-five cents a day for the second year, and ninety-five cents a day for the third year.   At this time the plaintiff was a minor, not becoming of age until February 1, 1892.   He continued to work for the defendants until June 13, 1893, receiving the amount agreed upon monthly, without objection.   Then he left the defendants' employ, without notice.   The jury found specially that the plaintiff, after he became of age, ratified and confirmed the written agreement, and that he was paid all that his services were reasonably and fairly worth, both during his minority and afterwards; and returned a general verdict for the defendants.

The principal question is whether the written agreement was admissible in evidence.   Most of the objections made to it are that it did not comply with the provisions of the Pub. Sts. c. 149, relating to the binding of apprentices; but it was not put in for this purpose, and the judge ruled that, as it was not in accordance with the statute, it did not bind the plaintiff, and that it could not affect the plaintiff's right to recover, unless the jury found that after the plaintiff became of age he ratified and confirmed it; that whether he ratified and confirmed it was a question of fact; and that the jury might consider his acts, after he became of age, in receiving the money, and all his other acts, as bearing upon that question.   These rulings we are of opinion were correct.

A written agreement made by a minor is not void, but voidable only, and may be ratified after he becomes of age.   *Boyden* v. *Boyden*, 9 Met. 519.   *Keegan* v. *Cox*, 116 Mass. 289.   It was therefore competent for the defendants to show, aside from the question of pleading, what the agreement was which had been ratified.

As to the question of pleading, the answer contained a general denial, and alleged payment.   The plaintiff contends that, as

the agreement was not set forth in the answer, (see Pub. Sts. c. 167, § 22,) it was not admissible. A similar contention was made in *Warren* v. *Ferdinand,* 9 Allen, 357, where the plaintiff brought an action for use and occupation, and it was held that the defendant, under an answer containing a general denial only, might show that he held under a written lease, on the ground that the direct use of the evidence was to sustain the defendant's denial of the plaintiff's allegations, and not to set up a substantive fact in the nature of confession and avoidance. See also *Rodman* v. *Guilford,* 112 Mass. 405 ; *Phipps* v. *Mahon,* 141 Mass. 471, 473. We see no error in the admission of the agreement.                              *Exceptions overruled.*