ELDA MELLO *vs.* HARRY BLOOMINGDALE.

Bristol.    October 27, 1932. — January 4, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Motor Vehicle*, Registration.    *Infant.*

G. L. (Ter. Ed.) c. 90, § 2 and §§ 34A–34J, inclusive, contemplate that an owner of a motor vehicle seeking to register it shall be of sufficient legal capacity to undertake the responsibilities imposed and to contract for the insurance required, or to authorize another to do so in his behalf.

An infant less than four years of age does not possess such legal capacity.

An automobile owned by an infant less than four years of age was not legally registered under said c. 90 where the certificate of registration was issued upon an application signed with his name, which was written by his father without indication that the father was acting in his behalf or that the signature was not that of a person of full age.

TORT for damage to an automobile, owned by the plaintiff and registered in the manner described in the opinion, arising from a collision with an automobile operated by the defendant. Writ dated June 7, 1928.

The action was tried in the Superior Court before *Macleod,* J. Subject to leave reserved under G. L. (Ter. Ed.) c. 231, § 120, a verdict for the plaintiff in the sum of $150 was recorded. Thereafter the judge ordered entered a verdict for the defendant; and reported the action for determination by this court upon a stipulation by the parties that, if this court "should be of the opinion that . . . [the plaintiff's] automobile was improperly registered, then the verdict . . . [so entered] should stand and judgment for the defendant . . . [should] be entered thereon. Otherwise, the original verdict of the jury for the plaintiff should stand."

The case was submitted on briefs.

*H. W. Radovsky & I. H. Simon,* for the plaintiff.

*M. R. Brownell & A. Sherman,* for the defendant.

WAIT, J. The plaintiff contends that there is valid registration of an automobile owned by a minor where that owner is a female infant less than four years old, and the certificate was issued upon an application signed with her name, written by her father and without indication that he was acting in her behalf or that the signature was not that of a person of full age. The judge who presided at a trial for injury resulting from a collision between the car so registered and the defendant's motor vehicle was unable to agree with that contention. Nor can we.

G. L. (Ter. Ed.) c. 90, § 2, begins "Application for the registration of motor vehicles and trailers may be made by the owner thereof." This contemplates and requires an owner of sufficient legal capacity to undertake the responsibilities imposed by the statute, or to authorize another to undertake them on his behalf. An infant under four years of age does not possess such legal capacity. Citation of authorities would be supererogation. The provisions of §§ 34A–34J, inclusive, dealing with compulsory insurance obviously contemplate a registrant who has

legal capacity to contract for insurance, and would not be satisfied by acts of one such as the infant plaintiff here.

Since the registration was illegal, in accord with the terms of the report the verdict ordered by the judge to be entered must stand and judgment be entered for the defendant.

*So ordered.*