SANFORD E. CHAMBERLAIN *vs.* THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED, & another.

Suffolk.   November 6, 1933. — February 8, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Insurance*, Motor vehicle liability, Cancellation. *Minor*. *Agency*, Agent for minor. *Contract*, Construction, With minor, Validity, Waiver. *Evidence*, Presumptions and burden of proof.

A minor, owner of a motor vehicle, for the purpose of obtaining insurance upon and registration of it, gave to a corporation a promissory note for the insurance premium, wherein he agreed to make instalment payments in months from June to October, authorized the corporation to procure the policy of insurance for him, and irrevo-

cably appointed the corporation his agent to cancel the policy "in case of any default whatsoever in respect of" the note. A policy of compulsory motor vehicle liability insurance was procured and registration was issued. The appointment of the corporation as agent for the minor was beneficial to him. He became of age in July. He made the June and July payments on the note late, and made at least three payments after he became of age. There was a default in the October payment. On November 4 the corporation sent notice of cancellation of the policy to the registrar of motor vehicles, to the insured and to the insurance company. On November 9 the registrar sent notice of intent to revoke the registration and on November 20 revoked it. One, who sustained personal injuries when he was struck by the motor vehicle on November 21, recovered judgment against the insured and then brought a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), against the insurance company to enforce the judgment. Ten days before trial of the suit, which was about a year and two months after he became of age, the insured by a writing purported to disaffirm his contract with the corporation and the authority therein given to it to cancel the policy; and later he filed an answer in the suit in which he pleaded his minority. *Held,* that

(1) By reason of the terms of the contract between the corporation and the insured and of the default by the insured in October, the corporation had a right to cancel the policy in November; it had not lost that right because of its failure to exercise it when the June and July payments became overdue;

(2) No statutory provision nor principle of common law prevents the insured under a policy of compulsory motor vehicle liability insurance from effecting its cancellation through an agent;

(3) There was no effective disaffirmance by the insured of his contract with the corporation or of its act in cancelling the policy: the insured did not exercise his privilege of disaffirmance within a reasonable time after he became of age;

(4) The insured had ratified his contract with the corporation after he became of age;.

(5) The facts did not support a contention by the plaintiff that the cancellation of the policy was ineffective because the contract between the insured and the corporation was void as in violation of the statutes regulating the business of making small loans, G. L. (Ter. Ed.) c. 140, §§ 96–100; the burden of proving such illegality was upon the plaintiff, the party asserting it;

(6) The proper conclusion from the facts was that the policy was cancelled before the plaintiff was injured on November 21;

(7) The suit could not be maintained.

The provision of G. L. (Ter. Ed.) c. 175, § 113A (5), that "no act or default of the insured [in a policy of compulsory motor vehicle liability insurance] . . . shall operate to defeat or avoid the policy so as to bar recovery . . . by a judgment creditor proceeding under" c. 214, § 3 (10), did not aid the plaintiff in the suit in equity above described, the policy which he was seeking to enforce having been cancelled previous to the time when he was injured.

BILL IN EQUITY, filed in the Superior Court on April 6, 1932, and described in the opinion.

The suit was heard by *Keating*, J. Material facts are stated in the opinion. The judge ordered a final decree dismissing the bill and reported the suit for determination by this court.

*E. J. Donlan*, for the plaintiff.

*K. C. Parker*, for the defendant The Employers' Liability Assurance Corporation, Limited.

FIELD, J. This is a suit in equity to reach and apply in satisfaction of a judgment obtained by the plaintiff for personal injuries the obligation of the defendant The Employers' Liability Assurance Corporation, Limited, under a motor vehicle liability insurance policy issued by it to the defendant McEvoy. G. L. (Ter. Ed.) c. 214, § 3 (10). The judge who heard the case ordered the entry of a final decree dismissing the bill and reported the case for determination by this court "on the pleadings, the statement of findings and rulings, the additional facts agreed upon by the parties . . . and the order for a final decree," and on the terms that if the judge "was warranted in ordering that such a final decree be entered, a final decree is to be entered as ordered; otherwise such a final decree is to be entered as justice and equity may require."

The plaintiff was injured by being struck by an automobile owned and operated by the defendant McEvoy on November 21, 1931, and on March 4, 1932, recovered judgment against said McEvoy. The defendant insurance company in May, 1931, issued to the defendant McEvoy a compulsory motor vehicle liability insurance policy covering the automobile involved in the accident for the period from May 28, 1931, to December 31, 1931, and issued a "certificate," stating that it had issued such a policy, which was filed with the registrar of motor vehicles in connection with the registration of the automobile. See G. L. (Ter. Ed.) c. 90, §§ 34A, 34B.

The defendant insurance company contends that it is not required to pay the judgment obtained by the plaintiff against the defendant McEvoy for the reason that the

motor vehicle liability policy issued by it to the defendant McEvoy was not in force on the day of the accident, having been cancelled previously. The judge found that the policy was properly cancelled and that the cancellation became effective November 20, 1931. Whether on the facts found or agreed upon the policy was effectively cancelled before the accident is the question for our decision. We think that it was so cancelled.

The material facts found or agreed upon bearing upon the cancellation of the policy are as follows: The premium on the policy was $38.43. The judge found that on "May 28, 1931, said McEvoy signed and delivered a promissory note to the Finance Budget Plan, Inc., [also referred to in the record as "Insurance Budget Plan, Inc."] making said Budget Plan his agent to procure a policy of insurance for him and authorizing said Budget Plan to cancel the policy if said McEvoy defaulted in paying any instalments which became due and payable." This promissory note was for $42.27, payable $5 on the date thereof and the balance as specified in the schedule contained on the reverse side of the note providing for the payment of instalments in the months of June to October, 1931, inclusive. The note provided that "Failure to make any one payment as stated in the Schedule shall cause all unpaid payments to become due and payable at once, at the option of" the payee, that the note was "given in consideration of the financing" by the payee of the premium payment due, that the "maker hereby irrevocably appoints the payee or any holder hereof his true and lawful attorney for him and in his stead to cancel the said policy, in case of any default whatsoever in respect of this note," and that the maker, "until or unless the obligation hereof be by full payment discharged, hereby renounces, and assigns and releases to the payee and/or to any holder, any right to cancel said insurance." The defendant McEvoy paid all instalments due before October 28, but did not pay the instalments of June 28 and July 28 on time and failed to pay the instalment which became due on October 28. On November 4, 1931, the Insurance Budget Plan, Inc., sent

notice of the cancellation of the policy to the registrar of motor vehicles, to the insured, and to the defendant insurance company. These were the only notices of cancellation of the policy sent to the registrar or to the defendant insurance company. On November 9, 1931, the registrar sent the defendant McEvoy a "Notice of Intent to Revoke Registration of Motor Vehicle," and on November 20, 1931, revoked the registration. The defendant McEvoy returned his number plates to the registrar on November 24, 1931. The defendant McEvoy was a minor on May 28, 1931, and reached his majority in July of that year. The judge found that the "appointment of the Finance Budget Plan, Inc., on May 28, 1931, by said McEvoy as his agent was beneficial to him." He found also that "Down to the time when this suit in equity was brought, i.e., on April 6, 1932, there was no disaffirmance by said McEvoy of the contract or of the transaction entered into by said McEvoy with said Finance Budget Plan, Inc., on May 28, 1931, and there was no disaffirmance by him of the contract or transaction entered into by said Finance Budget Plan, Inc., as agent for said McEvoy with the defendant corporation." On September 6, 1932, ten days before the hearing of the case commenced, the Insurance Budget Plan, Inc., received a letter signed by the defendant McEvoy in which he purported to disaffirm any authority which he might have given to the Insurance Budget Plan, Inc., to act for him as his agent to cancel insurance or for any other purpose, and also to disaffirm any contract which he ever made with that corporation. And on September 14, 1932, the insured filed an answer in this suit setting up his minority.

The policy was not cancelled by the insurer. Consequently provisions applicable to such cancellation do not apply. See G. L. (Ter. Ed.) c. 175, §§ 113A, 113D. The policy was cancelled, if at all, by the insured acting by his agent the Insurance Budget Plan, Inc. The agreement of the insured with the Insurance Budget Plan, Inc., included in the note, purported to authorize the latter in behalf of the former to cancel the policy in case of any default of

the insured on the note. The insured failed to make the October payment. By the terms of the note, therefore, the Insurance Budget Plan, Inc., had the right to cancel the policy. And it had not lost that right by reason of its failure to cancel the policy when previous payments became overdue. Furthermore, if, in the matter of cancellation of a compulsory motor vehicle liability insurance policy, the insured can act by an agent, the requirements of the statute for cancellation of the policy were complied with, including the requirement of "written notice . . . by the party proposing cancellation to the other party." G. L. (Ter. Ed.) c. 175, § 113A (2). The provision in G. L. (Ter. Ed.) c. 175, § 113 A (5), that "no act or default of the insured . . . shall operate to defeat or avoid the policy so as to bar recovery" by a judgment creditor gives such a creditor no rights under a policy lawfully cancelled before his injuries were sustained.

The plaintiff, however, contends that the Insurance Budget Plan, Inc., could not be authorized by power of attorney, or otherwise, to cancel the policy in behalf of the insured. Perhaps there are reasons why a person insured under a compulsory motor vehicle liability insurance policy should not be permitted to authorize an agent to cancel such policy, particularly in the circumstances here shown. But nothing in the statute expressly or impliedly forbids. And nothing in the ordinary principles of agency or insurance prevents. See *Parker & Young Manuf. Co.* v. *Exchange Fire Ins. Co.* 166 Mass. 484. Cancellation of such a policy by the insured is not an act so personal in its nature that it cannot be delegated in the absence of statutory prohibition of such delegation. Compare G. L. (Ter. Ed.) c. 175, § 113A (5); *Mello* v. *Bloomingdale*, 281 Mass. 407, 408.

The plaintiff contends, also, that the cancellation of the policy was ineffective because of the insured's minority. The insured was a minor when the contract was made by which he appointed the Insurance Budget Plan, Inc., his agent to cancel the policy. The judge, however, found that this appointment of an agent was beneficial to the

insured, and it cannot be held as matter of law that this finding was not warranted. In view of this finding — if not without it — the appointment of the agent to cancel the policy and the cancellation thereof by that agent were at most voidable. *Simpson* v. *Prudential Ins. Co. of America,* 184 Mass. 348, 349. *Benson* v. *Tucker,* 212 Mass. 60. *J. G. Pierce Co.* v. *Wallace,* 251 Mass. 383. Williston, Contracts, § 227. Neither the appointment of the agent nor the cancellation of the policy by the agent was disaffirmed by the insured before the suit was brought on April 6, 1932. The finding of the judge is explicit, not only that, before that date, there was no disaffirmance of the "contract or transaction" between the insured and the Insurance Budget Plan, Inc., but also that there was no disaffirmance of the "contract or transaction" between the latter, as agent for the insured, and the defendant insurance company, that is, the cancellation of the policy. The cancellation, therefore, was valid unless the insured by the letter of September 6, 1932, or by pleading his minority in this suit effectively disaffirmed the act of the Insurance Budget Plan, Inc., in cancelling the policy.

But there was no effective disaffirmance of this act by the insured. He became of age in July, 1931. Thereafter he made at least three monthly payments on the note and had the benefit for about five months of insurance of his automobile under the policy, a benefit which came to him by reason of his contract with the Insurance Budget Plan, Inc. Early in November, 1931, the insured was notified of the proposed cancellation of the policy by his agent. And the policy would have expired by its own limitation December 31, 1931. Yet the insured took no steps before September 6, 1932, to disaffirm the contract, the appointment of an agent, or the agent's act of cancelling the policy. We think it the proper conclusion from these facts that the insured did not exercise his privilege of disaffirmance within a reasonable time after he became of age, having regard to all the circumstances (see *Welch* v. *King,* 279 Mass. 445, 450), and that consequently he ratified his contract with the Insurance Budget Plan, Inc.,

including the provision therein authorizing the Insurance Budget Plan, Inc., to cancel the policy, and thus terminated his privilege of disaffirmance before he attempted to exercise it. *Boyden* v. *Boyden,* 9 Met. 519. *Chandler* v. *Simmons,* 97 Mass. 508, 514. *Keegan* v. *Cox,* 116 Mass. 289. Williston, Contracts, § 239. Whether, if there had been an effective disaffirmance by the insured of his contract with the Insurance Budget Plan, Inc., the cancellation of the policy before such disaffirmance would have been avoided as against the defendant insurance company, need not be decided.

The plaintiff's contention that the cancellation of the policy was ineffective because the contract between the insured and the Insurance Budget Plan, Inc., was void as in violation of the laws regulating the business of making small loans (G. L. [Ter. Ed.] c. 140, §§ 96–110), is not sustained by the facts reported. The burden of proving such illegality was upon the party asserting it. *Savoy Finance Co.* v. *De Biase,* 281 Mass. 425, 433.

It follows that in accordance with the terms of the report a final decree is to be entered dismissing the bill.

*Ordered accordingly.*