JOHN P. ADAMOWSKI *vs.* THE CURTISS-WRIGHT FLYING SERVICE, INC.

Bristol.   October 25, 1937. — May 25, 1938.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Minor.   Contract*, With minor.

A contract, made in the State of New York by the minor son of a weaver, for a course of instruction in aviation properly could be found not to have been a contract for necessaries.

By the law of New York a disaffirmance of a minor's contract a year after he came of age was not as a matter of law unreasonably delayed where it appeared that the contract was for instruction in aviation, that full tuition had been paid thereunder and the instruction given, but that it was of no benefit to the minor.

Under the law of the State of New York, one who, as a minor, paid for and received instruction as an aviator, on coming of age could disaffirm the contract and recover the amount of tuition paid although he could not return the instruction received.

CONTRACT. Writ in the Third District Court of Bristol dated July 11, 1931.

On report to the Appellate Division for the Southern District by *Doyle*, J., who found for the plaintiff in the sum of $2,163, judgment was ordered for the defendant. The plaintiff appealed.

*K. Shapira*, for the plaintiff, submitted a brief.

*C. H. Condon*, for the defendant.

LUMMUS, J. The plaintiff was born on July 20, 1909. On September 25, 1929, when he was two months more than twenty years old, he paid the defendant $300 for a course of instruction in elementary aviation, and received it. On February 27, 1930, he paid the defendant $1,300 for a limited commercial pilot's course of instruction in aviation, and received it. On May 6, 1930, he entered into a contract with the defendant for a course of instruction as a transport pilot at a cost of $3,200, but during the month withdrew from the school and paid nothing. He attained his majority on July 20, 1930. On February 28, 1931, after receiving from the defendant a bill for a balance of less than $50 which it claimed as due, the plaintiff visited its attorney and denied liability, but said nothing about minority. He took no action by way of disaffirmance until July 11, 1931, almost a year after attaining majority, when he brought this action to recover the $1,600 which he had paid, with interest, on the ground that he was a minor at the time of the making of the contracts in question and had elected to disaffirm them. The judge found for the plaintiff, but the Appellate Division ordered judgment for the defendant. The plaintiff's appeal brings the case here.

It is agreed that the contracts were made in New York, where the defendant's aviation school was located, and that the questions raised in this case are governed by the law of New York.

The defendant contends that the contracts were for necessaries, and were binding upon the plaintiff even while he was a minor. The plaintiff's father was a weaver. The money which the plaintiff paid was in part saved by himself from his manual labor and in part contributed by his family from their savings. In this country, as the judge found in substance, any stratification of society is transient and shifting. Many a young man without capital or influential connections attains education and advancement in life through his own labors. It would be hard to say that education in aviation was less necessary for the plaintiff than it would have been for another more affluent. But the law still guards the interests of minors against their own assumed improvidence and want of sound judgment. The judge found that the courses in instruction were not necessaries for the plaintiff. That finding was proper, though possibly not required as matter of law. *International Text Book Co.* v. *Connelly,* 206 N. Y. 188. *Curtis* v. *Roosevelt Aviation School, Inc.* (1934) U. S. Aviation Reports, 133, cited in Williston, Contracts (Rev. Ed.) § 241. *Hamilton* v. *Bennett,* 74 Sol. J. 122, 94 Just. Peace, 136 (1930). See also *Moskow* v. *Marshall,* 271 Mass. 302; *Mauldin* v. *Southern Shorthand & Business University,* 126 Ga. 681; *Crandall* v. *Coyne Electrical School, Inc.* 256 Ill. App. 322; *Roberts* v. *Gray,* [1913] 1 K. B. 520.

The next question is whether as matter of law delay for nearly a year after majority before disaffirming the contracts was a ratification of them. It is to be noticed that the contracts were wholly executed, and that there is no evidence that an earlier disaffirmance would have benefited the defendant or saved it from harm. It is to be further noticed that the plaintiff has made no use of his education in aviation, which has been of no apparent benefit to him.* His duty to disaffirm within a reasonable time after majority (*Sternlieb* v. *Normandie National Securities Corp.* 263 N. Y.

---

* The trial judge found: "The plaintiff failed to qualify as a private pilot, or as a limited commercial pilot, although he had taken examinations for same. He has been unable to obtain work in any commercial flying service as a result of having taken this course." The judge also denied a request by the defendant: "The contract was beneficial to the plaintiff." — REPORTER.

245, 248) does not limit him to so short a time as though the facts were different in those respects. *Delano* v. *Blake,* 11 Wend. 85. *Horowitz* v. *Manufacturers' Trust Co.* 239 App. Div. (N. Y.) 693. *Levenberg* v. *Ludington,* 152 Misc. (N. Y.) 735. *Tobey* v. *Wood,* 123 Mass. 88. In cases where, as in the present case, the *quondam* minor gained no benefit by delay and the party contracting with him suffered no harm, disaffirmance has been allowed after considerably greater delay than that in this case. *Green* v. *Green,* 69 N. Y. 553, 557. *Sternlieb* v. *Normandie National Securities Corp.* 263 N. Y. 245. *Hook* v. *Harmon National Real Estate Corp.* 250 App. Div. (N. Y.) 689. See also *Welch* v. *King,* 279 Mass. 445, 450 *et seq.* The finding of the judge that disaffirmance was within a reasonable time must stand.

Lastly, the defendant contends that there could be no disaffirmance because the plaintiff could not return the instruction that he had received by virtue of the contracts. In New York, as in this Commonwealth, a minor who has lost or squandered what he received under the contract may nevertheless disaffirm it and recover what he paid or gave, or its value. *Green* v. *Green,* 69 N. Y. 553. *Casey* v. *Kastel,* 237 N. Y. 305, 314, 315. *Kane* v. *Kane,* 13 App. Div. (N. Y.) 544. *McCarthy* v. *Bowling Green Storage & Van Co.* 182 App. Div. (N. Y.) 18, 21, 22. *Wyatt* v. *Lortscher,* 217 App. Div. (N. Y.) 224, 227. *Morse* v. *Ely,* 154 Mass. 458. *Gillis* v. *Goodwin,* 180 Mass. 140. In principle he should be in no worse position where the nature of what he received is such that it cannot be returned. There are cases in New York, however, which are difficult to reconcile with the cases just cited, and which hold that a plaintiff suing to recover money paid while a minor for tangible property which he returns must allow for its depreciation while he had the use of it. *Rice* v. *Butler,* 160 N. Y. 578. *Wanisch* v. *Wuertz,* 79 Misc. (N. Y.) 610. *Sparandera* v. *Staten Island Garage, Inc.* 117 Misc. (N. Y.) 780. *Egnaczyk* v. *Rowland,* 148 Misc. (N. Y.) 889. *Myers* v. *Hurley Motor Co.* 273 U. S. 18. *Creer* v. *Active Auto Exchange, Inc.* 99 Conn. 266. Williston, Contracts (Rev. Ed.) § 238. Adams,

J., whose views expressed in *Rice* v. *Butler*, 25 App. Div. (N. Y.) 388, 393, were substantially adopted on appeal in *Rice* v. *Butler*, 160 N. Y. 578, said in effect that the rule is that when property is returned on disaffirmance any damage to it must be made good (page 394), and that the rule does not apply where restitution is impossible. Page 396. We find no case, unless it be *Mutual Milk & Cream Co.* v. *Prigge*, 112 App. Div. (N. Y.) 652, in which the *quondam* minor has been required to make an allowance for an intangible benefit received. On the whole, although the matter is not free from doubt, we think that under the law of New York the plaintiff is not precluded from disaffirming the contracts and recovering the consideration that he paid, by the fact that he cannot return the instruction received.

> *Order of Appellate Division for judgment for
> defendant reversed.*
> *Judgment for plaintiff on the finding.*