*Southern District*

## MARY BABTKUS
### v.
## FRANCES JUTRAS

*Present*: Nash, P. J., Owen & Murphy, JJ.

Case tried to *Kupka, J.* in the District Court of Brockton. No. 26,233.

*Owen, J.* This is an action of contract wherein the plaintiff seeks to recover an alleged balance of $800.00 due on a promissory note in the amount of $2,000.00 executed by the defendant on *October* 22, 1960, the defendant then being a minor born *November* 24, 1941. The defendant used the money to buy a car and made payments on the note, the last payment being made to the plaintiff on *October* 16, 1962. On *December* 22, 1962, twenty-eight days after attaining her majority the defendant notified the plaintiff in writing that "having arrived at age" she did "choose to

void and do hereby disaffirm the contract which you alleged was entered into between us in which you originally loaned to me the sum of $2,000.00 and all other contracts which you allege were entered into between us."

The trial court allowed certain requests for rulings of the defendant and other requests were "denied and as I find there is no credible evidence to support the defendant's requests, the others are allowed as correct statements of law."

The trial court made certain findings of fact including:

"I find that because of the friendship that existed between the plaintiff, defendant and the defendant's mother that the parties hereto were in constant touch with each other and in this connection I find that the defendant could and should have disaffirmed the contract (note) upon reaching her majority, but for reasons unexplained chose not to take action until after her marriage and then only upon advice of some attorney. The defendant's conduct evidences bad faith on her part and I find that because of all the circumstances attendant in this matter that the defendant did not act seasonably and promptly in disaffirming the contract (note), that the plaintiff and defendant because of the defendant's mother living in the same house were constantly aware of each others presence."

■ It is a basic and well settled policy of law to protect minors from their lack of sound, mature and competent business judgment in regard to contracts made during infancy. *Frye v. Yesi,* 327 Mass. 724, 728 and cc.

■ A contract of a minor for necessaries is one of the very few exceptions to this rule. The burden of proof that the note was for necessaries is on the plaintiff. There is no such proof in this case; on the contrary, the court found that the defendant used the automobile "for her convenience" in going back and forth to work. *Moskow v. Marshall,* 271 Mass. 302.

■ Bad faith on the part of a minor in relation to a contract is obviously bad judgment on the part of the minor and is not an exception to the rule permitting a minor to avoid contracts made during minority upon attaining majority. *Merriam v. Cunningham,* 11 Cush. 40; *Slayton v. Berry,* 175 Mass. 513; *Mandson v. General Motorcycle Sales Co., Inc.,* 230 Mass. 54.

■ The infancy of a defendant-maker of a promissory note at the time the contract was made, the debt not being for necessaries, entitles the defendant to judgment unless the plaintiff can prove a new promise and ratification by the defendant, after attaining majority, to pay the debt contracted during minority.

■ Ratification may be shown by an express promise to pay or by unequivocal acts as fairly and justly lead to the inference that

she intended to ratify the note after attaining majority.

 There are four essential elements of a ratification or affirmation by a minor after attaining majority:

1. A voluntary act
2. Capacity to act
3. Knowledge of legal ability to act
4. A promise to pay or be bound.

*Ford v. Phillipe,* 1 Pick. 202; *Smith v. Kelly,* 13 Met. 309; *Chandler v. Simmons,* 97 Mass. 508; *Fahey v. Woods,* 123 Mass. 88; *Pierce v. Wallace,* 251 Mass. 383.

The decision of the trial court appears to be mainly based on a finding that because of the close acquaintance of the parties, the defendant "should have disaffirmed the contract (note) upon attaining her majority" and "did not act seasonably and promptly in disaffirming" twenty-eight days after majority, after marriage and upon advise of an attorney.

There was no evidence and no finding that the plaintiff had sustained the burden of proving affirmation and ratification by the defendant after attaining majority. The failure to sustain this burden of proof is fatal to the plaintiff's case as stated above.

 There being no proof of ratification, a twenty-eight day lapse of time between attainment of majority and notification to the plaintiff of the defendant's exercise of her right to avoid the note would not seem to be unreasonable. *Welch v. Kink,* 279 Mass. 445; *Tobey v. Woods,* 123 Mass. 88; *Adamowski*

*v. Curtiss-Wright Flying Service,* 300 Mass. 281. [*Pierce v. Boucher,* 1 Mass. App. Dec. 174].

It appears that a correct application of the principles of law heretofore set forth and a correct disposition of the defendant's requests for rulings would have resulted in judgment for the defendant.

There was prejudicial error in dealing with certain of the defendant's requests for rulings. The judgment for the plaintiff is to be vacated and judgment is to be entered for the defendant.

Robert W. Kelley, of Jamaica Plain, for the Plaintiff.

Burton Schair, of South Braintree, for the Defendant.